UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 19-CV-22287-MGC
MAGISTRATE JUDGE REID

RAYMOND CARR, III

     Plaintiff,

v.

DANIEL JUNIOR, et al.

     Defendants.

_____/

## **REPORT OF MAGISTRATE JUDGE**

### **I. Introduction**

Plaintiff, Raymond Carr, while confined at the Miami-Dade County Jail, filed this amended *pro se* civil rights complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). [ECF 14]. In his complaint, Plaintiff, who is legally blind, alleges that jail officials have discriminated against him by failing to provide him assistance to read his legal documents, and seeks monetary relief. For the reasons set forth below, the instant complaint should proceed in part.

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S.D.

Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-2.

## II. Standard of Review

Because Plaintiff is a prisoner proceeding *in forma pauperis* [ECF 7] and seeks redress from a government entity, this case is subject to the judicial screening provisions of 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are

clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*) (quotation omitted). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550

U.S. at 555 (quotation omitted) (ellipses in original). Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### III. Facts Set Forth in the Complaint

Plaintiff names as Defendants, Miami-Dade Corrections and Rehabilitation ("MDCR") Director Daniel Junior, MDCR Jail Chief Enrique Rodriguez, and MDCR Counselor Chief John Johnson. [ECF 14, p. 1]. Plaintiff sues Defendants Johnson and Junior in their official capacities, and Defendant Rodriguez in his individual capacity. [*Id.* pp. 2-3].

Plaintiff alleges the following facts. Plaintiff is a "legally blind/visually impaired" inmate who is a beneficiary under the ADA. [*Id.* p. 5]. He has been rotated between all three Miami-Dade County jails since 2014. [*Id.* p. 7]. Per ADA and jail policy, a beneficiary will have equal opportunity participate in programs, service and activities like non-disabled individuals. [*Id.* p. 5]. Plaintiff has made clear to MDCR that he needs a "human reader" to help him read his legal mail and institutional documents. [*Id.*]. Despite Plaintiff receiving his ADA beneficiary status in 2015, the three named defendants still refuse to supply him with an auxiliary aid. [*Id.* p. 6].

Specifically, Defendant Johnson, a MDCR "counselor supervisor," denied Plaintiff's request for a reader, alleging understaffing, and telling Plaintiff to ask his attorney. [*Id.* pp. 3, 6]. Plaintiff's attorney told him that it was the jail's

4

responsibility. [*Id*. p. 6]. Defendant Rodriguez also refused to supply Petitioner with a reader as an auxiliary aid despite Plaintiff filing multiple grievances on the issue. [*Id*.]. Finally, Defendant Junior, MDCR's director, supported Defendants Johnson and Rodriguez's ADA violations. [*Id*.].

Regarding his injuries, Petitioner claims that he has needed medical attention due to dizziness as a result of high pressure in his eye, "caused by straining his vision in attempt to read documents." [*Id*. p. 8]. He has also gone days at a time eating only one meal because other inmates have demanded his meals for payment when he asks them to read his material. [*Id.*]. This has caused him to become ill. [*Id*.].

Based on these allegations, Petitioner sues each defendant for $100,000. [*Id*. p. 8].

## IV.  Discussion

A. <u>Americans with Disabilities Act ("ADA")</u>

Plaintiff appears to sue each defendant under the ADA, alleging that he is being discriminated against by virtue of his disability. *See* [ECF 14].

The ADA provides in relevant part that "no qualified individual with a disability shall, by reason of such disability be excluded from participation in or be denied the benefits of the services, program or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. State prisons are public entities for ADA purposes. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210

(1998).

> To state a claim of discrimination under Title II, a claimant must prove:
>
> (1) that he is a qualified individual with a disability; and (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). Public entities must make reasonable modifications to their policies, practices, or procedures when necessary to avoid discrimination on the basis of a disability unless making the modifications would "fundamentally alter the nature of the service[e], program[s], or activit[ies]." 28 C.F.R. § 35.130(b)(7).

Here, Plaintiff states sufficient facts to establish that he is disabled, unable to read any of his legal documents due to his vision impairment. *See* 42 U.S.C. § 12101(1)(A) (a "disability" includes a physical impairment that "substantially limits one or more major life activities," including "reading" and "seeing"). Moreover, Plaintiff alleges that the Defendants have failed to accommodate his disability by failing to provide him with a human reader in compliance with MDCR policy, thereby discriminating against him as a result of his disability. Thus, given Plaintiff's *pro se* status, he minimally states sufficient allegations to state a plausible ADA claim. Moreover, because Plaintiff has stated a plausible ADA claim at this stage of the proceedings, the Defendants in this case do not appear to be entitled to Eleventh

Amendment Immunity regarding this claim. *See United States v. Georgia*, 546 U.S. 151, 158-59 (2006).

Therefore, Plaintiff's ADA claims against Defendants Junior and Johnson in their official capacities should proceed. Nevertheless, Plaintiff cannot bring a claim under the ADA against Defendant Rodriguez in his individual capacity. *See Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 478 (11th Cir. 2015) (finding no individual capacity liability under the ADA); *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) As such, his ADA claim against Defendant Rodriguez should be dismissed for failure to state a claim.

B. 42 U.S.C. § 1983 - Access to Courts

It also appears that Plaintiff may be raising a claim that the Defendants have limited his access to the courts by failing to supply him a human reader, in violation of his constitutional rights. *See* [ECF 14].

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law." *Ferguson v. Warden, Everglades Re-Entry Ctr.,* 714 F. App'x 966, 967 (11th Cir. 2018) (quoting *Bounds v. Smith,* 430 U.S. 817, 828 (1977)). The Eleventh Circuit has made clear, however, that "there is no freestanding right to a law library, litigation tools, or legal assistance." *Ferguson v. Warden,*

*Everglades Re-Entry Ctr.,* 741 F. App'x at 967 (quoting *Lewis v. Casey,* 518 U.S. 343, 349 (1996)). Instead, a plaintiff must show "actual injury" in order to sufficiently allege a claim for interference with access to the courts. *Id.*

In order to demonstrate a denial of access to the courts, the Plaintiff "must identify in his complaint a nonfrivolous, arguable underlying claim for which he seeks relief." *Ferguson v. Warden, Everglades Re-Entry Ctr.,* 741 F. App'x at 967 (quoting *Barbour v. Haley,* 471 F.3d 1222, 1226 (11th Cir. 2006)). An "actual injury" is shown when Plaintiff alleges sufficient facts that he was prejudiced in a "criminal prosecution, postconviction motion, or civil rights action in which he sought to 'vindicate basic constitutional rights.'" *Ferguson v. Warden, Everglades Re-Entry Ctr.,* 741 F. App'x at 967 (quoting *Lewis* v. Casey, 518 U.S. at 354).

To the extent that Plaintiff alleges that he has been denied access to the courts because he is unable to read his legal documents due to the Defendants' actions, he fails to state sufficient facts to establish such a claim.  In pertinent part, he does not sufficiently articulate how he was prejudiced in a "criminal prosecution, postconviction motion, or civil rights action in which he sought to 'vindicate basic constitutional rights.'" *Ferguson v. Warden, Everglades Re-Entry Ctr.,* 741 F. App'x at 967. As such his access to courts claim should be dismissed.

C. <u>42 U.S.C. § 1983 - Deliberate Indifference</u>

Finally, when liberally construing Plaintiff's complaint, it appears that he also

may be raising a claim that the Defendants have been deliberately indifferent to his condition, resulting in a violation of his constitutional right to be free from cruel and unusual punishment. *See* [ECF 14].

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).

However, as a pretrial detainee at the Miami-Dade County Jail, Plaintiff's rights arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Campbell v. Johnson,* 586 F.3d 835, 842 (11th Cir. 2009) (citation omitted). Although the Eighth Amendment does not apply to pretrial detainees, only convicted prisoners, the same standard applies for evaluating a pretrial detainee's claims of inadequate medical care under the Fourteenth Amendment. *See Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306 (11th Cir. 2009).

To prevail on a deliberate indifference claim, the Plaintiff must demonstrate: (1) an objective component by showing he has a serious medical need; and, (2) a subjective component, by showing the prison official acted with deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306-07 (11th Cir.

2009); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Negligence in diagnosing or treating a medical condition, including "an inadvertent failure to provide adequate medical care," does not state a valid claim for deliberate indifference. *See Estelle v. Gamble*, 429 U.S. at 105-06.

Here, Plaintiff's deliberate indifference claim, to the extent that he raises one, is somewhat complex. He does not allege that officials have failed to adequately treat his ongoing sight issues. Moreover, although he alleges that his attempts to read cause him dizziness [ECF 14, p. 8], he does not allege that jail officials have failed to provide him immediate medical attention when necessary. Instead, he appears to claim that he has been forced to give up his meals so that other inmates will agree to read his documents for him.

Regarding this claim, Plaintiff fails to establish specific facts to establish causation. He does not allege that jail officials are purposefully denying him food. He further fails to state sufficient specific facts to establish how each individual defendant forced him to give up his meals. Rather, it appears that he is voluntarily giving up his meals because the Defendants have committed an ADA violation against him. While Plaintiff's ADA claim is sufficiently pled, as discussed above, he fails to plead sufficient facts to establish an Eighth Amendment violation here.

## V.  Conclusion

For all of the foregoing reasons, the following is recommended:

10

1. Plaintiff's ADA claim proceed against Defendants Johnson and Junior in their official capacities;

2. Plaintiff's ADA claim against Defendant Rodriguez be dismissed; and,

3. Plaintiff's access to courts and deliberate indifference claims be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 21st day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Raymond Carr, III
     140121762
     Metro West Detention Center
     13850 NW 41 Street
     Miami, FL 33178
     PRO SE